980 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael PENDLETON, Defendant-Appellant.
 No. 91-5366.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 16, 1992
Decided: December 10, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-90-275)
 Thomas G. Dyer, Waters, Warner & Harris, Clarksburg, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Pendleton appeals his conviction. He was sentenced as a career offender to 240 months of imprisonment, to be followed by five years of supervised release, after pleading guilty to one count of possessing with intent to distribute 1.33 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the district court's refusal to reduce Pendleton's offense level by two points for acceptance of responsibility under sentencing guideline[1] section 3E1.1, and further challenging the district court's determination that Pendleton was a career offender within the meaning of section 4B1.1.[2] Finding no merit to these claims, and discerning no other meritorious issue on this record, we affirm.
 
 
 2
 The district court, in its discretion, may reduce a defendant's offense level by two points under section 3E1.1 upon an affirmative showing by the defendant that he has accepted responsibility for his criminal conduct. United States v. White, 875 F.2d 427, 430-31 (4th Cir. 1989). The question of whether a reduction is warranted is a factual one, however, and we will only disturb the district court's assessment of the facts for clear error. Id. at 431; see also United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Pleading guilty does not alone create an automatic entitlement to a section 3E1.1 reduction. United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989). Here, Pendleton told the probation officer that he did not distribute cocaine base and only had it in his possession on the day of his arrest on an unrelated state capias because he had taken it from a dealer who was selling to his sister. Although he then pled guilty, he later insisted on his innocence and attempted to withdraw his plea. Given these facts, we find that the district court did not clearly err in denying a twopoint reduction for acceptance of responsibility.
 
 
 3
 We likewise discern no error in the district court's decision to sentence Pendleton as a career offender. Pursuant to guideline section 4B1.1, a defendant is considered a career offender for purposes of sentencing if the defendant was eighteen or older at the time of the present offense, the present offense is a felony involving a crime of violence or controlled substances, and the defendant has had two prior felony convictions. Prior felony convictions are defined as prior adult state or federal felony convictions which were punishable by a term of imprisonment exceeding one year, regardless of the sentence actually imposed. U.S.S.G. § 4B1.2, comment. (n.3). Here, Pendleton takes issue with the court's consideration of his state conviction for unlawful wounding as a countable prior felony,[3] noting that although the crime was punishable by one to five years imprisonment in the penitentiary under W. Va. Code § 61-2-9(a) (1989), the sentence was reduced to one year in the county jail. As noted in the commentary to section 4B1.2, however, the actual sentence imposed is irrelevant; the fact that the offense was punishable by a term of imprisonment exceeding one year clearly brings it within the purview of section 4B1.1.
 
 
 4
 We therefore affirm the district court's decision. We deny counsel's motion to withdraw representation. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. § 3006A (West 1985 & Supp. 1992), this Court requires that counsel inform his client, in writing, of the right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 Pendleton was offered an opportunity to raise additional claims, but failed to do so
 
 
 [3]
 Pendleton also had a prior state conviction for voluntary manslaughter. He does not challenge the court's consideration of that offense